**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JASMINE PAUL SANCHEZ,<br><br>　　Plaintiff<br><br>v.<br><br>ELY STATE PRISON MEDICAL, et al.,<br><br>　　Defendants | Case No.: 3:22-cv-00076-ART-CSD<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF No. 38 |

　　This Report and Recommendation is made to the Honorable Anne R. Traum, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

　　Before the court is Defendants' motion for summary judgment. (ECF Nos. 38, 38-1 to 38-6.)

　　Plaintiff refused service of various documents filed in this case, though not Defendants' motion for summary judgment. (*See e.g.* ECF Nos. 37, 43, 45, 48, 50.) District Judge Traum held a telephonic status conference and directed the Attorney General's Office to send specific filings, including the motion for summary judgment and all exhibits, to Plaintiff by mail and provide the court with proof of mailing. (ECF Nos. 52, 54.) District Judge Traum gave Plaintiff until March 1, 2024, to file a response to Defendants' motion for summary judgment. (ECF No. 52.) The Attorney General's Office filed the proof of service of the documents to Plaintiff via mail (ECF No. 53). However, Plaintiff never filed a response to Defendants' motion for summary judgment.

　　After a thorough review, it is recommended that Defendants' motion be granted.

///

///

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Second Amended Complaint (SAC), ECF No. 9.) The events giving rise to this action took place while Plaintiff was housed at Ely State Prison (ESP). (*Id.*)

The court screened Plaintiff's SAC and allowed him to proceed with Eighth Amendment deliberate indifference to serious medical needs claims against defendants Dawn Jones and Jamie Ciciliano. In Claim 1, Plaintiff alleges that both Defendants denied him access to a needed inhaler for over a month. Plaintiff avers that Jones failed to give him an inhaler when she witnessed him having difficulty breathing during a visit to his cell. In Claim 2, Plaintiff alleges that he did not receive pain medication or treatment for his broken arm over a seven-month period, and whenever he filed medical request forms (known as "kites") to Ciciliano complaining about his broken arm, she failed to respond. (ECF No. 11.)

Defendants move for summary judgment, arguing: the evidence does not support Plaintiff's Eighth Amendment claims because Plaintiff was not denied his inhaler for an extended period of time, and there is no evidence these Defendants had anything to do with ordering his inhaler. In addition, Ciciliano had no authority to provide Plaintiff with medication, and there is no evidence that his medical kites requesting pain medication were directed to Ciciliano. Defendants further argue they are entitled to qualified immunity.

## II. LEGAL STANDARD

The legal standard governing this motion is well settled: a party is entitled to summary judgment when "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp.*

*v. Cartrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)). An issue is "genuine" if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A fact is "material" if it could affect the outcome of the case. *Id*. at 248 (disputes over facts that might affect the outcome will preclude summary judgment, but factual disputes which are irrelevant or unnecessary are not considered). On the other hand, where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *Anderson*, 477 U.S. at 250.

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted); *see also Celotex,* 477 U.S. at 323-24 (purpose of summary judgment is "to isolate and dispose of factually unsupported claims"); *Anderson,* 477 U.S. at 252 (purpose of summary judgment is to determine whether a case "is so one-sided that one party must prevail as a matter of law"). In considering a motion for summary judgment, all reasonable inferences are drawn in the light most favorable to the non-moving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citation omitted); *Kaiser Cement Corp. v. Fischbach & Moore Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). That being said, "if the evidence of the nonmoving party "is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249-250 (citations omitted). The court's function is not to weigh the evidence and determine the truth or to make credibility determinations. *Celotex,* 477 U.S. at 249, 255; *Anderson*, 477 U.S. at 249.

In deciding a motion for summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went

1  uncontroverted at trial.'… In such a case, the moving party has the initial burden of establishing
2  the absence of a genuine [dispute] of fact on each issue material to its case." *C.A.R. Transp.*
3  *Brokerage Co. v. Darden Rest., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citations
4  omitted). In contrast, when the nonmoving party bears the burden of proving the claim or
5  defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate
6  an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving
7  party cannot establish an element essential to that party's case on which that party will have the
8  burden of proof at trial. *See Celotex Corp. v. Cartrett*, 477 U.S. 317, 323-25 (1986).

9      If the moving party satisfies its initial burden, the burden shifts to the opposing party to
10 establish that a genuine dispute exists as to a material fact. *See Matsushita Elec. Indus. Co. v.*
11 *Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party need not establish a genuine
12 dispute of material fact conclusively in its favor. It is sufficient that "the claimed factual dispute
13 be shown to require a jury or judge to resolve the parties' differing versions of truth at trial."
14 *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987)
15 (quotation marks and citation omitted). The nonmoving party cannot avoid summary judgment
16 by relying solely on conclusory allegations that are unsupported by factual data. *Matsushita*, 475
17 U.S. at 587. Instead, the opposition must go beyond the assertions and allegations of the
18 pleadings and set forth specific facts by producing competent evidence that shows a genuine
19 dispute of material fact for trial. *Celotex*, 477 U.S. at 324.

### III. DISCUSSION

**A. Eighth Amendment Deliberate Indifference to a Serious Medical Need**

22     "The government has an 'obligation to provide medical care for those whom it is
23 punishing by incarceration,' and failure to meet that obligation can constitute an Eighth

Amendment violation cognizable under § 1983." *Colwell v. Bannister,* 753 F.3d 1060, 1066 (9th Cir. 2014) (citing *Estelle v. Gamble*, 429 U.S. 97, 103-05 (1976)).

A prisoner can establish an Eighth Amendment violation arising from deficient medical care if he can prove that prison officials were deliberately indifferent to a serious medical need. *Estelle*, 429 U.S. at 104. A claim for deliberate indifference involves the examination of two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *rev'd on other grounds, WMX Tech, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

"A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at 1059 (citing *Estelle*, 429 U.S. at 104). If the medical need is "serious," the plaintiff must show the defendant acted with deliberate indifference to that need. *Estelle*, 429 U.S. at 104.

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). Deliberate indifference entails something more than medical malpractice or even gross negligence. *Id*. Inadvertence, by itself, is insufficient to establish a cause of action under section 1983. *McGuckin*, 974 F.2d at 1060. Instead, deliberate indifference is only present when a prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Where delay in receiving medical treatment is alleged, a prisoner must demonstrate that the delay led to further injury. *Stewart v. Aranas,* 32 F.4th 1192, 1195 (9th Cir. 2022) (citing *Shapley v. Nev. Bd. of State Prison Comm'rs,* 766 F.2d 404, 407 (9th Cir. 1985)).

5

**B. Claim 1**

Again, Plaintiff alleges that Jones and Ciciliano denied him a rescue inhaler for a month and a half, knowing that without a rescue inhaler there is a risk of death. Plaintiff avers that every time he sent a medical kite, he either did not get a reply or was told to "stop kiting and be patient" and to "only kite if needed." Plaintiff claims that he asked Jones while she was at his cell door for a breathing treatment, that he was having issues breathing, and she said, "just kite and we will get to you when we can[.]" Plaintiff contends he was already in the infirmary, and she could have given him the treatment at that time. (ECF No. 9 at 3.)

Defendants present evidence that Plaintiff filed a medical request form (known as a "kite") on September 15, 2022, stating that he needed a new inhaler. The response indicates that it was ordered. (ECF No. 38-2 at 3.) Plaintiff also filed a grievance on this issue on September 15, 2022, stating that he gave medical his empty inhaler and requested a new one and still did not have it. He asked for a new inhaler. (ECF No. 38-1 at 2.) On September 17, 2022, Plaintiff filed a second grievance stating he had not gotten his new inhaler yet. (ECF No. 38-1 at 4.) Homan responded to Plaintiff's first grievance on September 22, 2022: "Per medical you received your new inhaler on 9/14/22. Not an emergency file through normal channels." (*Id.* at 3.) Homan responded to the second grievance on September 27, 2022, again stating that Plaintiff received his inhaler on September 14, 2022. (*Id.* at 5.)

Plaintiff sent a medical kite on September 9, 2022, asking if they knew what was going on with his Xopenex (his inhaler). T. Stark, RN responded on March 9, 2022, stating that it was renewed on March 6, and they were awaiting its arrival from the pharmacy. (ECF No. 38-2 at 2.)

As Defendants' point out, Plaintiff's request for a new inhaler were promptly responded to, and there is no evidence that he went without his inhaler for a month and a half. Moreover,

6

there is no evidence that Defendants had any involvement in Plaintiff's grievances or kites regarding his inhaler, or that they had any responsibility for ordering a new inhaler.

Insofar as Plaintiff alleges that Jones met Plaintiff at his cell door and refused his request for an inhaler, Jones states in her declaration that she does not recall stopping by his cell and denying him a rescue inhaler. (ECF No. 38-4 ¶ 9.)

Finally, to the extent Plaintiff alleges a delay in getting his inhaler, there is no evidence in the record that he suffered any injury as a result of any delay.

Plaintiff has not responded to submit evidence to create a genuine dispute of material fact as to whether Defendants were deliberately indifferent to his serious medical need regarding his inhaler. Therefore, summary judgment should be granted in Defendants' favor as to Claim 1.

**C. Claim 2**

Plaintiff alleges that he was denied medication and treatment for a broken arm, and as such, still suffers in pain. He claims that every time he sent a kite to Ciciliano, he got no response as to what was going on. (*Id*. at 4.)

Plaintiff sent various kites between July and September 2022, asking for pain medications. (ECF No. 38-3.) There is no evidence that any of these were addressed to Ciciliano or that she responded to any the kites. According to Ciciliano, she has no control over the prescriptions for patients, and as a certified nursing assistant (CNA), she cannot prescribe or dispense medications. (ECF No. 38-5.)

There is no evidence that defendant Ciciliano had any involvement in the alleged denial of pain medication to Plaintiff for his broken arm. Plaintiff has not responded to the motion to create a genuine dispute of material fact. Therefore, summary judgment should be granted in Ciciliano's favor as to Claim 2.

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **GRANTING** Defendants' unopposed motion for summary judgment (ECF No. 38) and enter judgment in Defendants' favor.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: April 29, 2024

                                                Craig S. Denney
                                                United States Magistrate Judge